Rigney v. Jacobs et al.

RIGNEY v. JACOBS ET AL.

[No. 1,780. Filed November 24, 1896. Rehearing denied May 19, 1897.]

GARNISHMENT.—*Motion to Discharge Garnishee Defendant.*—A motion to dismiss as to garnishee defendant is equivalent to a motion for judgment on the pleadings, and admits all facts pleaded and every legitimate inference to be drawn therefrom; but the facts set out in the motion and in the statement filed in support thereof cannot be considered as true unless such facts had also been set up in the pleadings. *p. 547.*

SAME.—*Assignment of Policy for Collection.—Insurance Company as Garnishee.*—The assignment of a fire policy, after loss, the assignment being merely in trust for collection, does not exempt the insurance company from garnishment at the instance of a creditor of the insured. *pp. 548, 549.*

SAME.—*Assignment of Policy to Nonresident, After Service of Writ.*—An insurance company is not entitled to a discharge of garnishment proceedings against it because it appears by the pleadings of the adverse party that another garnishee defendant to whom the claim against the company had been assigned in trust for collection, has sold and delivered the policy to a nonresident of the State. *p. 549.*

From the Elkhart Circuit Court. *Reversed.*

*F. E. Baker, C. W. Miller, J. D. Osborne* and *A. S. Zook,* for appellant.

*L. W. Vail* and *E. D. Salsbury,* for appellees.

REINHARD, J.—The LaPorte Carriage Company sued the appellee, James H. Jacobs, in the court below, on three bills of exchange, and in attachment, and the other appellees, Henry W. Hixon, the Phoenix Insurance Company of Brooklyn, and the Pennsylvania Insurance Company of Philadelphia, Pennsylvania, were brought in as garnishee defendants. The appellant properly filed under the case of the carriage company. Jacobs was defaulted and judgment was ren-

dered against him in favor of the appellant for the amount of his debt. The carriage company dismissed its garnishment proceedings, leaving the appellant as the only plaintiff.

The insurance companies separately filed answers in six paragraphs, the answers of each company being identical with those of the other. The first paragraph of each of these answers is the general denial, the second and third aver that Jacobs did not comply with the conditions of the policies in making proofs of loss and submitting to an examination under oath; the fourth and fifth paragraphs charge that Jacobs set fire to the insured property and burned it; and in the sixth paragraph it is alleged that after the fire and before the garnishment process was served on the companies, Jacobs had sold his claims against the companies for a valuable consideration.

To the affirmative answers of the companies the appellant replied in one paragraph setting up affirmative matter. The companies demurred to this reply, and the demurrer was overruled. The reply avers, among other things, that the transfer from Jacobs to Hixon mentioned in the sixth paragraph of the answer, was made to Hixon in trust, for the purpose of collecting the money for Jacobs and paying it over to him.

After the case had stood thus for some months, each company filed a separate motion to be dismissed as garnishee defendant. This motion was sustained as to each of the companies, and an exception saved, and the ruling is assigned as error.

Pending the motions of the insurance companies to be discharged, the appellant offered to file additional replies, which motion was overruled and the appellant excepted. The ruling upon this motion constitutes the second specification of error.

After the discharge of the insurance companies as garnishees, the court rendered judgment for costs in favor of said companies, and this action of the court is the third assignment of error.

Did the court commit reversible error in discharging the insurance companies without affording the appellant an opportunity to make proof of their indebtedness to Jacobs?

The practice in filing and sustaining such a motion is an unusual one, but we think it amounts to a motion for judgment on the pleadings, and if upon these the companies were entitled to be discharged, we think the action of the court was proper. If not, it is equally clear, we think, that the court committed an error for which the judgment must be reversed.

The court in passing upon the motion to dismiss could properly look to all the findings filed, and different steps taken in the cause. The motion was in the nature of a demurrer to the evidence. It admitted all the facts pleaded, and every legitimate inference to be drawn therefrom.

We do not think the court could consider as true or admitted any facts alleged in the motion to be discharged, or in the statement in support of the motion, unless such facts had also been set up in the pleadings filed before that motion was presented. The motion was not verified, and, as already intimated, would at best be equivalent only to a motion for judgment on the pleadings. In itself, it furnishes no proof of the truthfulness of its averments.

It appears from the answers of the insurance companies that on the 12th day of October, 1893, Jacobs, "for a valuable consideration," assigned and transferred all his interest in the policies to Hixon, and that Jacobs and Hixon notified the companies of such assignment. It also appears from these answers that

the only supposable indebtedness of the insurance companies to Jacobs was by reason of certain fire insurance policies, but that on these they owed Jacobs nothing, because he had not complied with the terms and conditions of the policies in certain particulars, and because he had willfully and purposely burned the property with intent to defraud the companies. The general denial was not pleaded in reply to the answers.

In the affirmative reply the appellant alleged an adjustment of the loss by the insurance companies, and an agreement by them to pay Jacobs a certain amount. The motion to be discharged admitted an adjustment and agreement to pay. The companies were, therefore, estopped to deny these facts, and were not entitled to be discharged by reason of their averment that Jacobs had violated his part of the contract, etc. In his affirmative reply the appellant further alleges, as we have seen, that although Hixon received the policies by way of assignment, yet that such an assignment was not an absolute one, but was made only in trust and for the purpose of the collection of the debt by Hixon, and the payment of the proceeds to Jacobs. This was a complete traverse of that portion of the affirmative answers as relied upon the transfer of the policy or policies. Nor was it the averment of a mere conclusion. The allegation that the transfer was merely in trust, and for the purpose of collection, was the averment of a fact which was admitted by the motion to dismiss. If it was true that Jacobs transferred to Hixon only for the purpose of having Hixon to collect the debt and to pay it over to Jacobs, and if the companies had not yet paid Jacobs or Hixon, the latter being before the court also, then the appellant was entitled to an order directing the money to be paid to the appellant. Hixon had ac-

quired no right in the property represented by the policies, except perhaps a special property right in the nature of a lien for his commissions. All the parties being in court the latter could make an order which would protect each of them.

The mere fact that the legal title in the policies had been transferred to Hixon did not necessarily discharge the companies as garnishees. It is true, if they had paid Hixon before process was had upon them, such payment would have been a protection to them. But they make no claim of that sort. They say in effect, "We originally owed Jacobs some insurance, but as he turned the policy over to Hixon for collection, we will settle with Hixon hereafter." This they are not in a position to assert. Hixon, and all parties interested were before the court, and if the facts pleaded in the reply are true, the appellant is entitled to an order for the money to the extent of Jacobs' interest therein, not exceeding the amount of appellant's claim.

Appellees' counsel lay great stress upon an averment in the reply that, "after the service of garnishment on him (Hixon) he (Hixon) had sold said claims and demands against the appellee insurance companies to one F. G. Cowie, a nonresident of the State, and that no property of the said defendant (Jacobs), had been attached, and the only fund to pay said creditors is said claims and demands against said insurance companies, so sold and assigned by said garnishee, Hixon, to said Cowie."

We do not perceive how this averment will exonerate the companies from the payment of the insurance money into court. If Hixon sold and delivered the policies to Cowie after service of the process on him (Hixon), such sale and delivery would constitute no defense on his part. Indeed it does not appear that

he had any power to sell the policies at all, and how he could transfer the title without authority is difficult to understand. But if he had such authority from Jacobs, it ceased after the service of the process upon him. The fact that Cowie has taken the policies out of the State cannot be material. The companies can be fully protected by the order of the court. It does not appear that the companies ever paid this debt to Hixon, or to anyone else. An order upon them to pay it into court for the appellant's benefit could be no injury to the appellees, if they justly owe the debt. If they do not justly owe it, of course they cannot be required to pay it.

Nor do we think the appellant was concluded by the oral examination of Hixon, and of one of the agents of the companies. The appellant had a right to introduce evidence in contradiction of the sworn statements of these persons.

We think the appellant should have been permitted to prove the averments of his complaint, and if then the companies succeeded in establishing the facts alleged in their answers, he should have been given an opportunity to show the truth of his reply. This is true, we think, without reference to the merits of his motion to be permitted to file additional replies.

It is quite true, as contended by the learned counsel for the insurance companies, that the attachment creditors stand in the shoes of Jacobs, and can acquire no greater right than he had at the time the proceedings in garnishment were commenced. But if the averments of the reply are true, Jacobs still has an interest in the property. He had at least an equitable title to the policies, which formed a proper subject for garnishment, if, indeed, Hixon was anything more than a collection agent.

Judgment reversed with instructions to overrule

the motion of the appellees, The Phoenix Insurance Company of Brooklyn and the Pennsylvania Fire Insurance Company of Philadelphia, Pennsylvania, to be discharged as garnishee defendants, and for further proceedings not inconsistent with this opinion.